**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE KELLY,** | : | **CIVIL ACTION NO. 1:25-CV-1885** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF FCI-SCHUYLKILL,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Tyrone Kelly, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to change his security classification. The petition will be dismissed without prejudice because claims challenging an inmate's security classification are not cognizable habeas corpus claims.

### I. Factual Background & Procedural History

Kelly is incarcerated in Schuylkill Federal Correctional Institution ("FCI-Schuylkill") serving a federal criminal sentence. He filed this case on October 8, 2025, arguing that the BOP has erroneously calculated his severity score and criminal history score, meaning that he is being subjected to a higher security classification than he should be. (Doc. 1). He seeks a writ of habeas corpus requiring the BOP to transfer him to a lower security classification. (Id.) Respondent responded to the petition on February 27, 2026, arguing that the petition should be dismissed because it does not present a cognizable habeas corpus claim, or, alternatively, that it should be denied on its merits. (Doc. 13). Kelly filed a reply

brief in support of his petition on March 17, 2026, making the petition ripe for review.

## II. Discussion

Habeas corpus claims are only cognizable if they attack the legality of a petitioner's custody. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). If a petition challenges neither the fact nor the duration of a petitioner's sentence, the petition does not present a cognizable claim. Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). A challenge to a petitioner's security classification is thus not cognizable because a change in the petitioner's classification would neither implicate the legality of his confinement nor shorten the duration of the confinement. See, e.g., McCall v. Ebbert, 384 F. App'x 55, 57 (3d Cir. 2010); Levi v. Ebbert, 353 F. App'x 681, 682 (3d Cir. 2009); Marti v. Nash, 227 F. App'x 148, 150 (3d Cir. 2007). Accordingly, because Kelly's petition only seeks a change in security classification, which is not a cognizable habeas claim, his petition will be dismissed.[1]

---

[1] Although Kelly asserts in his reply brief that his security classification affects his ability to receive time credits under the First Step Act towards his sentence, his petition does not advance any claims or assert any facts related to the FSA. His argument regarding the FSA cannot be properly raised in a reply brief. In re Niaspan Antitrust Litig., 67 F.4th 118, 135 (3d Cir. 2023) (noting that argument raised for first time in reply brief is deemed forfeited). The dismissal of his case is without prejudice to his right to properly advance a claim based on the FSA in a future case.

## III. Conclusion

The petition for writ of habeas corpus is dismissed without prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 4, 2026